UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUILLERMO PEREZ, | ) |
| *Plaintiff*, | ) Case No. 1:24-cv-03077 |
| v. | ) Judge Sharon Johnson Coleman |
| THE CITY OF CHICAGO, | ) |
| *Defendant.* | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Guillermo Perez brings an amended complaint against Defendant the City of Chicago (the "City") alleging that the City violated Title VII of the Civil Rights Act of 1964 by refusing to grant him a religious exemption from the City's mandatory COVID-19 vaccination policy in a timely manner. Before the Court is the City's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants the City's motion.

**Background**

The following factual background is drawn from Plaintiff's amended complaint, Dkt. 23, and Defendant's motion to dismiss, Dkt. 28.[1] Plaintiff is an employee of the City of Chicago in the

---

[1] Under the incorporation-by-reference doctrine, if a plaintiff mentions a document in her complaint, the defendant may submit that document to the court without converting the defendant's 12(b)(6) motion to a motion for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *see also id* (explaining that "[w]hen an exhibit contradicts the allegations in the complaint, ruling against the non-moving party on a motion to dismiss is consistent with [the court's] obligation to review all facts in the light most favorable to the non-moving party"). Plaintiff attaches the findings of the Illinois Department of Human Rights Investigation Report to his amended complaint, while the City attaches the vaccination policy referenced by Plaintiff in his complaint as well as correspondence between Plaintiff and the City. The Court considers each of these documents pursuant to the incorporation-by-reference doctrine.

Furthermore, the Court notes that Plaintiff provides factual allegations in his response to Defendant's motion to dismiss that were not included in his initial complaint. "Except in rare circumstances, a 'complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Smith on Behalf of Smith v. Wanabana, LLC*, No. 24-CV-02196, 2024 WL 4647867, at *3 (N.D. Ill. Oct. 31, 2024) (Coleman, J.) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989).

1

Chicago Fire Department. In October 2021, the City implemented a COVID-19 Vaccination Policy ("Policy") that outlined vaccination and testing reporting requirements for all City employees. Under the Policy, employees in need of an accommodation due to a disability or medical condition or based on a sincerely held religious belief could seek an exemption from the vaccination requirement. City employees who were not fully vaccinated and had not received a religious or medical accommodation by December 31, 2021 would be placed in a non-disciplinary, no pay status. (Dkt. 28, Ex. A.)

Plaintiff states in his complaint that he is Catholic and "maintains sincerely held religious beliefs that human life is sacred," that "human life is a gift from God," and that "abortion is gravely wrong and contrary to the commandments and teachings of the Christian Bible." (Dkt. 23.) According to this belief, on October 15, 2021, Plaintiff submitted a religious accommodation request to the City. Rather than submitting the City's suggested exemption request form, Plaintiff provided a letter explaining that he could not receive the vaccine because "To do so would violate [his] sincerely held religious beliefs. All of the currently available COVID-19 vaccine used cell lines originating from aborted children in their manufacturing or testing." (*Id.*, Ex. 2.) On November 9, 2021, the City replied to Plaintiff's letter asking for additional information. In their reply, the City provided Plaintiff with a weblink to the suggested exemption request form that included a section for a signature from a religious or spiritual leader to affirm the requestor's sincerely held beliefs. Attached to the email was the City's COVID-19 Vaccine Religious Exemption Follow Up form, which directed Plaintiff to "sign and acknowledge commonly used medications that have used fetal cells in their testing, research, and/or development as part of his accommodation request." (*Id.*)

On November 23, 2021, Plaintiff responded to the City's email using the suggested exemption request form and addressed the information requested by responding, "see attached letter"—the same

---

This is not such a circumstance, and Plaintiff presents no argument to the contrary. As such the Court considers only those facts as pled in Plaintiff's complaint.

letter from the October 15 email but with bolded the answers to the questions that were asked in the City's suggested exemption request form. (*Id.*) Plaintiff did not provide a signature from a religious or spiritual leader on the suggested exemption request form. Instead, in the email to the City, Plaintiff wrote, "In addition no such 'Spiritual Leader' signature or other information is legally required" and attached a letter from his attorney to address the follow-up form. (*Id.*)

On December 13, 2021, the City denied Plaintiff's request for accommodation of the Policy for failure to provide the required information. Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission on December 20 and with the Illinois Department of Human Rights on January 10, 2022. On February 15, 2022, the City granted Plaintiff a religious exemption from the vaccination requirement.

Plaintiff filed suit in the Cook County Circuit Court in March 2024, which was subsequently removed by the City to this Court on April 17, 2024. In his complaint, Plaintiff alleges that the City took adverse employment action against him by "forc[ing] [him] to fill out a so-called Follow up form which restricted his rights and changed the terms and conditions of his employment due to his religious beliefs." (Dkt. 23.) Plaintiff also alleges that he was "put under tremendous stress, coercion, and questioning of his faith" during the pendency of his religious exemption request.

On May 24, 2024, the City filed a motion to dismiss Plaintiff's complaint for failure to state a claim (Dkt. 14.) Plaintiff failed to file a response to this motion after being granted an extension by the Court. Instead, after the City timely filed a reply to its motion, Plaintiff filed an amended complaint on September 9, 2024. (Dkt. 23.) The City subsequently filed another motion to dismiss, arguing that "(1) [Plaintiff] lacks standing; (2) his own allegations establish that the City engaged in the interactive accommodation process to aid in determining the religious nature and sincerity of his beliefs; (3) any delay in granting Plaintiff's accommodation request was due to Plaintiff's failure to provide pertinent information requested by the City; (4) the City ultimately granted his accommodation request; and (5)

3

Plaintiff was not subjected to any adverse employment action." (Dkt. 27, 28.) The City also argues that Plaintiff's claim is barred under the Illinois Tort Immunity Act, 745 ILCS 10/2-201; 745 ILCS 10/6-104. (*Id.*)

**Legal Standard**

A Rule 12(b)(1) motion asserts that the federal district court lacks subject-matter jurisdiction over the claim, including that the adverse party lacks Article III standing to bring their claim. Fed. R. Civ. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing the elements necessary to show that the party has Article III standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed." *Int'l Union of Operating Eng'rs Loc. 139, AFL-CIO v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). A standing challenge "can take the form of a facial or a factual attack on the plaintiffs' allegations." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). A facial attack "tests whether the allegations, taken as true, support an inference that the elements of standing exist." *Id.* When a defendant has facially attacked standing at the pleading stage, the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 1295, 179 L. Ed. 2d 233 (2011). To survive a motion to dismiss, a plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable

inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 167 L. Ed. 2d 1081 (2007) (per curiam). While a plaintiff need not plead "detailed factual allegations" to survive a motion to dismiss, she still must provide more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" for her complaint to be considered adequate. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

**Discussion**

The dispositive question in the City's motion to dismiss is whether Plaintiff has standing to bring his Title VII claim in federal court. For a plaintiff to establish standing under Article III, he must show that (1) he suffered a concrete and particularized injury-in-fact (2) that is traceable to the defendant's conduct and (3) can be redressable by judicial relief. *Lujan v. Defs. Of Wildlife*, 504 U.S. 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

As the City argues in its motion, fatal to Plaintiff's complaint is the absence of an injury-in-fact. To confer standing, an injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" in nature. *Lujan*, 504 U.S. at 561 (internal quotation marks omitted). A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1. And a concrete injury is one that is "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016) (internal quotations omitted).

Plaintiff fails to establish that he suffered an injury that is concrete and imminent. Plaintiff alleges that he suffered an adverse employment action by having to comply with the process of applying for a religious exemption. But as courts in this district have noted, "[b]eing subjected to an exemption process—especially one that had just resulted in a grant of an exemption—is not an injury for standing purposes." *Campbell v. Edward-Elmhurst Health*, No. 23-CV-02799, 2024 WL 2248795, at *2 (N.D. Ill. May 17, 2024) (Kness, J.) (citing *Savel v. MetroHealth Sys.*, 96 F.4th 932 (6th Cir. 2024) (holding that a fear that an employer may not renew a religious exemption for a COVID-19 vaccine

5

mandate is "too conclusory to establish a cognizable past injury"); *Sanchez v. City of Chicago*, No. 24 C 1322, 2025 WL 1042821, at *3 (N.D. Ill. Apr. 7, 2025) (Ellis, J.); *see also Klaassen v. Trs. of Indiana Univ.*, 24 F.4th 638, 639 (7th Cir. 2022) (finding that persons who received an exemption to a vaccination mandate lack standing to challenge that mandate in federal court).

Plaintiff's argument that the City's alleged voluntary cessation of the Policy does not protect him from future revocation of his exemption is similarly unavailing. A defendant's "voluntary cessation of a challenged practice" will moot a case only if the defendant can show that the practice cannot "reasonably be expected to recur." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241, 144 S. Ct. 771, 777, 218 L. Ed. 2d 162 (2024) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 708, 145 L. Ed. 2d 610 (2000)). "If a government actor sincerely self-corrects the practice at issue, a court will give this effort weight in its mootness determination." *Freedom From Religion Found., Inc. v. Concord Cmty. Sch.*, 885 F.3d 1038, 1050–51 (7th Cir. 2018).

Plaintiff states in his amended complaint that the City's "original arbitrary and discriminatory policy is no longer in place." (Dkt. 23.) But in that same complaint, he later states that "The City of Chicago has not released any statement on the medical form having been rescinded" and that "Upon information and belied [sic] as late as of April 2024 the city continues to use the medical form on certain employees." (Dkt. 23.) Plaintiff tries to reconcile these contradictory statements in his response by arguing—with no citation to the record—that it is the City that asserts that the policy is no longer in effect, but then once again contradicts himself by saying that "any cessation of the challenged policy occurred after this litigation commenced." (Dkt. 39.)

These contradictions aside, whether the Policy is still in place is immaterial to Plaintiff's standing to bring his case and does not trigger voluntary cessation, as he is exempt from the Policy. Nor is the threat that the City might one day revoke this exemption create an injury, as Plaintiff has

6

not alleged that any potential revocation is imminent. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013) (reinforcing that a "threatened injury must be *certainly impending* to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not sufficient") (emphasis in the original).

For these reasons, Plaintiff lacks standing to bring his complaint. Accordingly, the Court grants Defendant's motion to dismiss.

**Conclusion**

For these reasons, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's amended complaint [27].

**IT IS SO ORDERED.**

Date: 4/24/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge