UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUILLERMO PEREZ, | ) |
| *Plaintiff*, | ) Case No. 1:24-cv-03077 |
| v. | ) Judge Sharon Johnson Coleman |
| THE CITY OF CHICAGO, | ) |
| *Defendant*. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Guillermo Perez brings an amended complaint against Defendant the City of Chicago (the "City") alleging that the City violated Title VII of the Civil Rights Act of 1964 by refusing to grant him a religious exemption from the City's mandatory COVID-19 vaccination policy in a timely manner. On April 24, 2025, the Court dismissed Plaintiff's complaint for lack of standing, as the City had ultimately granted him an exception prior to the start of litigation. On May 26, 2025, Plaintiff filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). The City filed a response to this motion on June 16, 2025, to which Plaintiff did not file a reply within the time provided by the Court. Because Plaintiff's motion is untimely under Rule 59(e), and because Plaintiff does not identify a mistake of law committed by this Court, newly discovered evidence that was not available during litigation, or extraordinary circumstances warranting relief from judgment under Rule 60(b), the Court denies Plaintiff's motion.

**Discussion**

*A. Determining the procedural basis of Plaintiff's motion*

Before considering the merits of Plaintiff's motion, the Court must first determine its basis under the Federal Rules of Civil Procedure. In his motion, Plaintiff states that he seeks reconsideration "under both 59(e) and 60(b)." (Dkt. 51.) Both rules are acceptable in the Seventh Circuit as a means

1

for a party to seek reconsideration of a district court's judgment. But as is relevant here, each has specific filing requirements that a moving party must meet for their motion to be timely: a motion under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment, while motions under 60(b) must be made "within a reasonable time" after the entry of the judgment.

Here, the Court entered its judgment dismissing Plaintiff's complaint on April 24, 2025. (Dkt. 49.) To be timely under Rule 59(e), Plaintiff was required to file his motion by May 22, 2025. Because Plaintiff filed his motion for reconsideration on May 26, 2025—four days past the deadline—it is untimely under Rule 59(e). Accordingly, the Court evaluates his motion under the standard provided by Rule 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion.").

B. *Legal standard for motions for reconsideration brought under Rule 60(b)*

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (citation modified). According with its extraordinary nature, Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645, 162 L. Ed. 2d 480 (2005).

Motions brought under Rule 60(b) "cannot be general pleas for relief" but "must be shaped to the specific grounds for modification or reversal" listed in the rule. *United States v. Deutsch*, 981 F.2d 299, 301–02 (7th Cir. 1992) (collecting cases). Here, Plaintiff bases his motion on three of the six circumstances permitted under Rule 60(b): "mistake, inadvertence, surprise, or excusable neglect" pursuant to 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" pursuant to 60(b)(2); and the catchall provision, "any other reason that justifies relief," pursuant to 60(b)(6). Relief under Rule 60(b)(6) is

2

only available when relief under 60(b)(1)–(5) is not applicable, and even then, "extraordinary circumstances" must justify reopening the judgment. *Gonzalez*, 545 U.S. at 535 (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988)).

C. *Plaintiff's Rule 60(b) motion*

In his motion, Plaintiff requests that the Court reconsider its holding that he lacked standing to bring his complaint and to find in his favor on the merits of the City's motion to dismiss. As was the case in the Court's initial review of the City's motion to dismiss, whether the Court erred in its analysis of Plaintiff's standing to bring his complaint is dispositive to Plaintiff's motion under Rule 60(b)(1).

In its order dismissing Plaintiff's complaint, the Court found that Plaintiff's allegations that "he suffered an adverse employment action by having to comply with the process of applying for a religious exemption" to the City's COVID-19 vaccination policy failed to establish that "he suffered an injury that is concrete and imminent" necessary to satisfy the requirements of Article III standing because he ultimately received the requested religious exemption. (Dkt. 48) (citing *Campbell v. Edward-Elmhurst Health*, No. 23-CV-02799, 2024 WL 2248795, at *2 (N.D. Ill. May 17, 2024) (Kness, J.); *Savel v. MetroHealth Sys.*, 96 F.4th 932 (6th Cir. 2024) (holding that a fear that an employer may not renew a religious exemption for a COVID-19 vaccine mandate is "too conclusory to establish a cognizable past injury"); *Sanchez v. City of Chicago*, No. 24 C 1322, 2025 WL 1042821, at *3 (N.D. Ill. Apr. 7, 2025) (Ellis, J.); *Klaassen v. Trs. of Indiana Univ.*, 24 F.4th 638, 639 (7th Cir. 2022) (finding that persons who received an exemption to a vaccination mandate lack standing to challenge that mandate in federal court)).

In his motion for reconsideration, Plaintiff argues that his case is distinguishable from the cases cited by the Court. Unlike those cases, where the plaintiffs "challeng[ed] a temporary exception or routine COVID-19 testing," Plaintiff argues that "his claim centers on being compelled to sign a

3

medical attestation form that prohibits the use of at least 28 common medications, including Tylenol, Ibuprofen, Pepto-Bismol, and Benadryl." (Dkt. 51.) Accordingly, Plaintiff requests that the Court apply the logic of the court in *Baumgartner v. City of Chicago* and reevaluate his complaint in that light. 759 F. Supp. 3d 868 (N.D. Ill. 2024) (Kendall, J.).[1] There, the plaintiff, similarly challenging the City's vaccination policy, "cite[d] numerous instances when abstaining from the listed medications [on the medical attestation form] caused him pain, discomfort, or emotional distress." *Id.* at 874. Because of these allegations of continuing injury stemming from the attestation form, the court found that plaintiff had standing to bring his claims.

      First of all, because *Baumgartner* was issued by a sister district court, the case is not controlling over this Court. *Camreta v. Greene*, 563 U.S. 692, 709, n.7, 131 S. Ct. 2020, 2033, 179 L. Ed. 2d 1118 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation modified). Nor, for that matter, does Plaintiff cite any controlling caselaw to support his argument that the Court erred in its standing analysis. And while *Baumgartner* and Plaintiff's case do share some facts in common, that a different district court ruled in favor of a similarly positioned plaintiff is not indicative that the Court erred in its holding. Finally, though the Supreme Court has interpreted the meaning of "mistake" in Rule 60(b)(1) as including a judge's error of law, *Kemp v. United States*, 596 U.S. 528, 533, 142 S. Ct. 1856, 1861, 213 L. Ed. 2d 90 (2022), because "a party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal . . . . errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require

---

[1] *Baumgartner* is a familiar case for the Court and the parties. Plaintiff's counsel presently represents the plaintiff in that case and brought the case before the district court on February 5, 2024—two months before the City removed Plaintiff's case to the Court. *Baumgartner*, 24-cv-01029, Dkt. 1. There, the court entered judgment on the motion to dismiss on December 13, 2024, before the City's motion to dismiss in the present case was fully briefed and before the Court issued its ruling. *Id.* at Dkt. 38. The City also distinguished *Baumgartner* in its reply to its motion to dismiss in the present case before the Court, which it filed on December 31, 2024. *See* Dkt. 47, n. 2.

4

such relief." *Banks*, 750 F.3d at 667 (citation modified).  If Plaintiff disagreed with the Court's holding, his proper recourse was to appeal to the Seventh Circuit.[2]

The absence of controlling law and unsuitability of Rule 60(b)(1) aside, the distinguishable facts between *Baumgartner* and the present case render Plaintiff's argument for reconsideration unconvincing.  In *Baumgartner*, the plaintiff alleged in detail the numerous concrete injuries that he had suffered and specific medications that he was unable to use because of the medical attestation form's prohibitions.  In contrast, the principal injury Plaintiff alleged in his first amended complaint is that "Defendant failed or refused to provide [him] with a reasonable accommodation of his sincerely held religious beliefs for over four months, making him go through severe stress and emotional distress." (Dkt. 23.)  And unlike the plaintiff in *Baumgartner*, Plaintiff makes only passing reference to any concrete harms stemming from the attestation form's prohibitions, stating only that "Plaintiff continues to suffer damages as he cannot take medications listed in the [attestation] form." (Dkt. 23.) He makes no mention of the "28 common medications" that he was allegedly prohibited from taking in his amended complaint.  And while he referenced the attestation form as an exhibit in his amended complaint, Plaintiff did not actually attach the form.  (*Id.*)  Instead, Plaintiff attempted to supplement

---

[2] In his motion for reconsideration, Plaintiff states that "[a] Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon," and that if the Court denies his motion for reconsideration, he "intends to appeal and thus reserves his right to do so." (Dkt. 51.)  While "[i]t is not the district court's duty . . . to sort through post-judgment motions and advise the moving party whether his appeal clock remains ticking," *Hope v. United States*, 43 F.3d 1140, 1143–44 (7th Cir. 1994), and though the question of the timeliness of an appeal of the Court's order granting the City's motion to dismiss is not presented in this motion, the Court notes in the interest of judicial economy that such an appeal would be untimely under the Federal Rules of Appellate Procedure and Seventh Circuit precedent.

In a civil case, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  A Rule 60 motion tolls this deadline only if it is filed "within the time allowed for filing a motion under Rule 59." Fed. R. App. P. 4(a)(4)(A)(vi).  30 days from April 24, 2025, fell on May 24, 2025.  Because this was a Saturday, and the following Monday was Memorial Day (a court holiday), the appeal deadline was tolled to May 27, 2025. Fed. R. Civ. P. 6(a)(1)(C).  As the Court explained above, Plaintiff filed his Rule 60(b) motion on May 26, 2025, four days after the 28-day window to file a Rule 59(e) motion closed.  Therefore, Plaintiff's Rule 60(b) motion did not toll the time for Plaintiff to file an appeal of the Court's judgment dismissing Plaintiff's case, rendering an appeal following the Court's entry of judgment on the present motion for reconsideration untimely.  *See Banks*, 750 F.3d at 667 (7th Cir. 2014) (explaining that because plaintiff's Rule 60(b) motion was not timely under Rule 59(e), "it did not toll the time for her to file a notice of appeal of the judgment itself" and the appellate court therefore lacked jurisdiction to consider her arguments challenging the district court's judgment).

5

the record by attaching the form to his response to the City's motion to dismiss and by adding additional factual allegations in that response, a move the Court noted in its order was impermissible under the rules of pleading. (Dkts. 40, 48 at n. 1.)

Nor did extraordinary circumstances prevent Plaintiff from detailing such factual allegations in his amended complaint prior to judgment to warrant relief under 60(b)(6)—or, for that matter, as "newly discovered evidence" under 60(b)(2). The City removed Plaintiff's complaint from Cook County Circuit Court to this Court on April 17, 2024, and filed a motion to dismiss a little over a month later on May 24, 2024. Despite the Court granting him an extension to do so, Plaintiff did not file a response to the City's motion pursuant to the briefing schedule set by the Court. Instead, he filed an amended complaint instanter on the day the City filed a reply requesting that the Court rule on its motion. (Dkts. 21, 22, 23.) Later, after the City filed a motion to dismiss the amended complaint, the Court, over the City's objection, granted Plaintiff an additional extension to respond to the City's motion. (Dkt. 36.)

Plaintiff provides no argument in his motion for reconsideration as to why this information regarding his continuing injuries stemming from the City's alleged use of the attestation form was not available during the course of this extended litigation such that his providing it now constitutes "newly discovered evidence" under Rule 60(b)(2). And while the Court commends Plaintiff's counsel for his dogged pursuit of his client's case, "carelessness or a lack of due care on the part of a litigant or [his] attorney does not provide a basis for relief" under Rule 60(b)(6). *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995); *see also Martinez v. City of Chicago*, 499 F.3d 721, 728 (7th Cir. 2007) ("[W]hile the results here may seem harsh . . . a lawyer's inattentiveness . . . imposes costs on everyone: the client, the opponent, and the court system.").

Rather than identifying a mistake of law made by the Court redressable under Rule 60(b)(1), presenting newly discovered evidence pursuant to 60(b)(2), or describing extraordinary circumstances

6

under 60(b)(6), Plaintiff's motion for reconsideration seeks to supplement his amended complaint with new factual allegations and legal arguments in the hope of achieving a more favorable result before the Court. But as aptly stated by Judge Shadur, "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (Shadur, J.). Like those brought under Rule 59(e), motions for reconsideration brought under Rule 60 are not appropriate "to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Because Plaintiff's motion fails to support a basis for relief from judgment under Rule 60(b), the Court denies his motion for reconsideration.

**Conclusion**

The deadline for Plaintiff to file a reply to his motion for reconsideration having passed, the Court reviews Plaintiff's motion for reconsideration based on the briefs filed by the parties. For the reasons stated in this ORDER, the Court denies Plaintiff's motion for reconsideration [51]. The Court notes that Plaintiff's motion for reconsideration filed at [50] contains a motion for approval to file excess pages in a case before Judge Tharp, but otherwise mirrors his motion filed at [51]. As such, the Court interprets the motion filed at [50] as having been filed in error and strikes it as duplicative.

**IT IS SO ORDERED.**

Date: 7/10/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge